```
             IN THE UNITED STATES DISTRICT COURT
                  FOR THE DISTRICT OF KANSAS


ISIAC JOSEPH BROWN,

                            Petitioner,

          v.                                CASE NO. 06-3142-SAC

RAY ROBERTS, et al.,

                            Respondents.
```

**O R D E R**

This matter is before the court on a pro se petition for writ of habeas corpus filed under 28 U.S.C. § 2254. Having reviewed petitioner's limited financial resources, the court grants petitioner leave to proceed in forma pauperis in this habeas action.

Petitioner alleges constitutional error in his 2005 Kansas conviction for attempted robbery. The claims asserted repeat those presented by petitioner in an earlier case filed as a complaint under 42 U.S.C. § 1983. *See* Brown v. Howard, Case No. 06-3094-SAC. The court judicially construed that action as seeking relief in the nature of habeas corpus under 28 U.S.C. § 2254, and dismissed the case without prejudice because petitioner appeared to still be exhausting state court remedies on his claims.

Although petitioner correctly proceeds under § 2254 to seek relief on his allegations of constitutional error in his state conviction, no such relief is available if petitioner has not exhausted available remedies in the state courts. 28 U.S.C. §

2254(b)(1). On the face of the pleadings submitted in this and petitioner's earlier filed action, it remains clear that petitioner has not yet done so. At most, petitioner appears to be currently seeking post-conviction relief in the state district court on a motion filed under K.S.A. 60-1507. If the state district court denies relief, full exhaustion of state court remedies would still require an appeal to the Kansas Court of Appeals, and a petition for review by the Kansas Supreme Court.

Petitioner is advised that a one year limitation period applies to state prisoners seeking habeas relief in the federal courts under § 2254. 28 U.S.C. § 2244(d)(1). Petitioner cites his conviction in March 2005, but identifies no direct appeal from that conviction.[1] Accordingly, the running of the one year period would typically begin when that conviction became final upon expiration of the time

---

[1] Petitioner is further advised that a procedural default doctrine bars federal habeas review of a state prisoner's federal claims if the prisoner failed to give the state courts a "full and fair" opportunity to resolve that claim--as the exhaustion doctrine requires--and the prisoner cannot cure that failure because state-court remedies are no longer available. See O'Sullivan v. Boerckel, 526 U.S. 838, 848 (1999)(procedural default doctrine preserves integrity of the exhaustion doctrine); Dulin v. Cook, 957 F.2d 758, 759 (10th Cir. 1992)("[I]f the court to which petitioner must present his claims in order to meet the exhaustion requirement would now find those claims procedurally barred, there is a procedural default for the purposes of federal habeas review.").

"In all cases in which a state prisoner has defaulted his federal claims in state court pursuant to an independent and adequate state procedural rule, federal habeas review of the claims is barred unless the prisoner can demonstrate cause for the default and actual prejudice as a result of the alleged violation of federal law, or demonstrate that failure to consider the claim will result in a fundamental miscarriage of justice." Coleman v. Thompson, 501 U.S. 722, 749 (1991).

for filing a direct appeal.  See 28 U.S.C. 2244(d)(1)(A).[2]  If petitioner filed a post-conviction motion in the state courts prior to expiration of that one year period, that state court filing would stop ("toll") the running of at limitation period throughout that post-conviction proceeding and any timely filed appeal in the state courts.  28 U.S.C. § 2244(d)(2).  Any time remaining in the § 22244(d)(1) limitation period would begin to run once the denial of post-conviction relief by the state courts became final.

Accordingly, for the reasons stated herein, the court directs petitioner to show cause why the petition should not be dismissed without prejudice based upon petitioner's failure to exhaust available remedies in the state courts.

IT IS THEREFORE ORDERED that petitioner is granted leave to proceed in forma pauperis.

IT IS FURTHER ORDERED that petitioner is granted twenty (20) days to show cause why this action should not be dismissed without

---

[2] The one year limitation in 28 U.S.C. § 2244(d)(1) "shall run from the latest of -
   (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
   (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
   (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
   (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence."

prejudice.

**IT IS SO ORDERED.**

DATED:  This 17th day of May 2006 at Topeka, Kansas.


            s/ Sam A. Crow
           SAM A. CROW
           U.S. Senior District Judge