IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS


ISIAC JOSEPH BROWN,

                  Petitioner,

        v.                       CASE NO. 06-3142-SAC

RAY ROBERTS, et al.,

                 Respondents.


**O R D E R**

Petitioner proceeds pro se and in forma pauperis on a petition for writ of habeas corpus under 28 U.S.C. § 2254. By an order dated May 17, 2006, the court directed petitioner to show cause why this matter should not be dismissed. Having reviewed petitioner's response, the court finds the petition should be dismissed without prejudice.

Petitioner alleges constitutional error in his 2005 Kansas conviction for attempted robbery. No relief under § 2254 is available on these allegations unless petitioner has first exhausted state court remedies or demonstrates such remedies are unavailable of ineffective under the circumstances. 28 U.S.C. § 2254(b)(1). No such showing is evident on the face of the record in this case. To the contrary, it appears petitioner is currently proceeding, or attempting to proceed, in the state court on a post-conviction motion regarding his Wyandotte County conviction. Petitioner is also advised that federal habeas corpus is not part of, or an

alternative forum for, the state appellate process.  *See* Ex parte Tom Tong, 108 U.S. 556, 559-60 (1883)(federal habeas process is an independent civil action for constitutional review of applicant's custody, and is not part of the state appellate process from a state court conviction).

Petitioner contends dismissal of his federal habeas application without prejudice is not warranted because he is not represented by counsel in this federal case or in his state post-conviction proceeding.  The court finds no merit to this contention.  There is no constitutional right to the appointment of counsel in either state post-conviction proceedings or in federal habeas corpus proceedings.  Pennsylvania v. Finley, 481 U.S. 551, 555 (1987).  To the extent petitioner seeks a stay of this action in federal court pending resolution of his state post-conviction proceeding and appeal therefrom, the court denies this request.

The court thus concludes the petition should be dismissed without prejudice, based upon petitioner's failure to exhaust available remedies in the state courts.

IT IS THEREFORE ORDERED that the petition for writ of habeas corpus is dismissed without prejudice.

**IT IS SO ORDERED.**

DATED:  This 8th day of June 2006 at Topeka, Kansas.


 s/ Sam A. Crow
SAM A. CROW
U.S. Senior District Judge

2